THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0270-JCC |
| Plaintiff, | ORDER |
| v. | |
| ISAAC COLE, | |
| Defendant. | |

This matter comes before the Court on Defendant Isaac Cole's ("Cole") motion for early termination of probation (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.  **BACKGROUND**

Cole pled guilty to one count of using a false document and one count of violating the Asbestos Hazard Emergency Response Act ("AHERA"). (Dkt. No. 5 at 1–2.) In January 2017, the Court sentenced Cole to 60 months' probation, including 90 days of home detention. (Dkt. Nos. 13, 14.) Cole now asks the Court to terminate his probation 37 months early because he has complied with the terms of his supervision for 13 months. (Dkt. No. 15 at 2.) The Government objects to early termination because it would release Cole from the condition prohibiting him from participating in asbestos training. (Dkt. No. 16 at 1.)

## II. DISCUSSION

The Court must consider several factors in its evaluation of early termination, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)). Early termination should be granted only "[o]ccasionally," when "changed circumstances," e.g., "exceptionally good behavior by the defendant," "will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

The Court finds early termination inappropriate here. In his former role as owner and operator of Cole and Associates, Cole admitted to allowing asbestos removal workers to "buy [their] way out" of his federally mandated asbestos safety training courses. (Dkt. No. 10 at 4.) For over six years, and in exchange for a fee, Cole directed his employees to falsely certify to Washington's Department of Labor & Industries ("L&I") that individuals had completed his courses when, in fact, they had not. (*Id.*) While this was a seemingly benign regulatory crime, Probation's presentence report identifies as victims the community at large, as well as workers on job sites that handle asbestos. (Dkt. No. 10 at 5.)

Cole was not ordered to pay restitution, and the Government agreed to neither recommend jail time nor community service. (Dkt. No. 14 at 4.) In return, Cole agreed to a five-year term of probation, which included 90 days of home detention and a provision prohibiting him from involvement in the training or certification of asbestos workers for the duration of his probationary period. (Dkt. No. 10 at 14.) Cole now asks the Court to reduce his punishment by 80 percent. (Dkt. No. 15 at 2.) Granting this request would lead to disparity in sentencing because the Court is highly unlikely to sentence a similarly situated defendant to only one year of probation.

The Court also considers the need to adequately deter Cole from criminal conduct and agrees that terminating probation early would "deprive the community of a critical benefit" of his sentence: that Cole be "prohibited from conducting asbestos training" for the full five years promised under his plea agreement. (Dkt. Nos. 16 at 1, 11 at 2–3.) The parties believed Section 3553's goals were achievable without jail, but only because Cole would not pose a threat to the community if he relinquished control of Cole and Associates and agreed not to participate in asbestos training for the duration of probation. (Dkt. No. 12 at 5.) The fact that Cole transferred ownership of his training business to his wife and now merely consults would not entirely protect the public from further crimes. (Dkt. No. 17 at 2.)

Finally, Cole has not demonstrated a change of circumstances after only 13 months on probation that warrants early termination. The Court expects probationers not to violate the terms of release; therefore, Cole's good behavior, while commendable, is not exceptional.

For the foregoing reasons, Cole's motion for early termination of probation (Dkt. No. 15) is DENIED.

DATED this 14th day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE