THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0270-JCC |
| Plaintiff, | ORDER |
| v. | |
| ISAAC COLE, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 21). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.   **BACKGROUND**

Defendant is the former owner and operator of Cole & Associates, a company which trains workers to properly remove asbestos in accordance with federal and state regulations. (Dkt. No. 22 at 2.) In January 2016, Defendant falsely certified to the state that an asbestos supervisor had completed a course as required by the Asbestos Hazard Emergency Response Act. (Dkt. No. 1 at 1.) Defendant had been doing this for years for a fee. (Dkt. No. 12 at 2-3.) In October 2016, Defendant accepted a plea deal where the prosecutor recommended a five-year term of probation. (Dkt. No. 5 at 7.) In January 2017, this Court sentenced Defendant to five

years of supervised release. (Dkt. Nos. 13, 14.) As part of his plea agreement, Defendant represented that he would divest himself of his asbestos training business and no longer be involved in the asbestos safety training course. (Dkt. No. 22 at 2.) Defendant transferred the business to his wife. (*Id.* at 4.) Defendant now moves for an early termination of his period of supervised release, which is due to end in January 2022. (Dkt. No. 21).

## II.  DISCUSSION

The Court may terminate a term of supervised release at any time after the defendant has served at least one year of the term if the Court finds that termination is warranted by the defendant's conduct and that doing so is in the interests of justice. 18 U.S.C. § 3583(e)(1). When ruling on a motion for early termination, the Court must consider various factors, including the nature of the defendant's crime, the defendant's characteristics, the need to protect the public from further criminal conduct, the need to provide the defendant access to correctional support, and the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *Id.* (citing factors in 18 U.S.C. § 3553(a)). Early termination should be granted only occasionally, when "changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Mr. Cole has completed three years of his probationary period while complying with the terms of his supervised release. (Dkt. No. 21 at 2.) Defendant is 57 years old, suffers from a medical condition causing him to lose his eyesight, and requires his wife's assistance with daily tasks. (*Id.* at 3.) Defendant believes that his satisfactory conduct until this point, coupled with his deteriorating health preventing his return to work, means that supervised release no longer serves a purpose. (*Id.*)

The Court sentenced Mr. Cole to a period of supervised release because he committed

ORDER
CR16-0270-JCC
PAGE - 2

acts that could endanger the community. Mr. Cole allowed untrained workers to become certified for asbestos removal, the improper handling of which could lead to serious health consequences. (Dkt. No. 12 at 1). Over a six-year period, Defendant allowed multiple people to become certified in asbestos removal without actually taking an asbestos safety course, potentially endangering thousands of lives. (*Id.*) Defendant filed a motion for early termination of supervised release in 2017, which the Court denied. (Dkt. No. 18). There has been no material change in Defendant's circumstances. *See Miller*, 205 F.3d at 1101. The Court expects probationers not to violate the terms of release; therefore, Defendant's good behavior, while commendable, is not exceptional. *See* 18 U.S.C. § 3583(e)(1). Since his first motion, Defendant has continued to be a consultant to the business, and termination of his supervised release would likely allow him to resume the training portion of his business. (*See* Dkt. No. 22 at 4.) The interests of justice would not be served by allowing him to resume involvement in asbestos training. *See* 18 U.S.C. § 3583(e)(1).

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 21) is DENIED.

DATED this 18th day of June 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE